## Nyberg Automobile Works, Defendant in Error, v. H. A. Devaux et al., Plaintiffs in Error.

### Gen. No. 15,211.

1. TRIAL—*power of court to reopen case.* It is within the discretion of the trial court to permit a party to introduce additional evidence after he has rested his case and no abuse of discretion is shown where the court permitted an oversight to be corrected.

2. INSTRUCTIONS—*when province of jury not invaded.* A statement by the court to the jury of the amount calculated by a witness as due upon a note in suit is not error where the court would have been justified in primarily directing a verdict.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed December 2, 1910.

PRENTISS, PUTNEY, MEEK & SOLBERG, for plaintiffs in error; G. P. SAYERS, of counsel.

CHARLES DANIELS and SUMNER C. PALMER, for defendant in error.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

While in this case defendants were defaulted for want of an affidavit of defense to a suit on promissory notes, nevertheless the jury were sworn to try all the issues, and the defendants had full opportunity to make any defense that they had. They participated in the jury trial. The justice of the judgment based on defendants' notes is too clear for discussion. That the court allowed plaintiff to introduce the notes in evidence after it had rested its case and defendants had asked an instruction in their favor is no ground for reversal. There was clearly no abuse of judicial discretion in thus correcting an oversight.

If requested, the court should and would have directed a verdict for plaintiff for the amount found

due. There was therefore no error in the court stating to the jury the amount that had been calculated by a witness and testified to by him.

*Affirmed.*